STATE OF LOUISIANA

VERSUS

NOEL AUSTIN

NO. 25-KH-373

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

September 12, 2025

Linda Tran
First Deputy Clerk

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Tran
First Deputy, Clerk of Court

**IN RE** NOEL AUSTIN

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE FRANK A. BRINDISI, DIVISION "E", NUMBER 03-6329

Panel composed of Judges Susan M. Chehardy,
Marc E. Johnson, and Stephen J. Windhorst

**WRIT DENIED**

On February 18, 2004, a jury found defendant-relator, Noel Austin, guilty of two counts of attempted first degree murder, aggravated battery, and possession with intent to distribute cocaine. On March 4, 2004, the trial court sentenced him to concurrent terms of fifty years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence for the attempted first degree murder convictions, ten years imprisonment at hard labor for the aggravated battery conviction, and thirty years imprisonment at hard labor with the first two years to be served without benefit of parole, probation, or suspension of sentence for the conviction of possession with intent to distribute cocaine. After a habitual offender hearing on May 18, 2004, the trial court found relator to be a third-felony offender, vacated his original sentence on count one of attempted first degree murder, and imposed a sentence of life imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence.

25-KH-373

This Court affirmed relator's convictions and sentences, and the Louisiana Supreme Court denied relator's writ application. *See State v. Austin*, 04-993 (La. App. 5 Cir. 3/1/05), 900 So.2d 867, *writ denied*, 05-830 (La. 11/28/05), 916 So.2d 143.

On July 9, 2025, relator filed a Motion to Correct an Invalid and Illegal Habitual Offender Sentence, claiming that his habitual offender sentence was illegal because the court, not a jury, "made a factual finding which had the effect of increasing his punishment." Relator relied on the United States Supreme Court's decision in *Erlinger v. United States*, 602 U.S. 821, 144 S.Ct. 1840, 219 L.Ed.2d 451 (2024), which held that the Fifth and Sixth Amendments require a unanimous jury's determination of facts essential to an enhanced sentence under the Armed Career Criminal Act.[1] On July 10, 2025, the trial court denied relief, finding that relator's claim "contest[ing] the constitutionality of his sentence pursuant to the multiple bill" was not "cognizable in a motion to correct illegal sentence." The trial court further found "no illegality in the defendant's sentences, as the terms of the sentences imposed are clearly within the statutory parameters."

On August 19, 2025, relator filed a writ application re-urging his claim that his sentence is illegal.

*Discussion*

As an initial matter, we note that relator's motion did not point to a claimed illegal term in his habitual offender sentence, but instead challenged the constitutionality of the trial court's habitual offender finding. La. C.Cr.P. art. 882(A) states: "An illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review." Because relator does not

---

[1] The Armed Criminal Career Act "imposes lengthy mandatory prison terms on certain defendants who have previously committed three violent felonies or serious drug offenses on separate occasions." *Erlinger*, 602 U.S. at 825, 144 S.Ct. at 1846.

2

point to an illegal term of his sentence, the trial court correctly determined that relator did not raise a claim cognizable in a motion to correct an illegal sentence. Accordingly, the "at any time" language of La. C.Cr.P. art. 882 does not apply to relator's motion.

Although the Louisiana Supreme Court has recognized that courts should "look through the caption of the pleadings in order to ascertain their substance and to do substantial justice" (*see State v. Moses*, 05-787 (La. App. 5 Cir. 5/9/06), 932 So.2d 701, 706 n.3, *writ denied*, 06-2171 (La. 4/5/07), 954 So.2d 140), a constitutional challenge to the district court's habitual offender determination and sentence must be made in a timely fashion. La. C.Cr.P. art. 930.8(A) provides, in pertinent part: "No application for post-conviction relief including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final." Relator's conviction and sentence became final in 2005. *See State v. Austin*, 05-830 (La. 11/28/05), 916 So.2d 143. Thus, relator's challenge appears to be untimely.

However, La. C.Cr.P. art. 930.8(A)(2) allows a defendant to file an application for post-conviction relief (APCR) more than two years after his conviction and sentence become final when "[t]he claim asserted in the petition is based upon a final ruling of an appellate court establishing a theretofore unknown interpretation of constitutional law and petitioner establishes that this interpretation is retroactively applicable to his case, and the petition is filed within one year of the finality of such ruling." *Erlinger*, which relator relies upon to support his motion, was decided on June 21, 2024 and became final on July 16, 2024, following the expiration of the twenty-five-day time period for filing a petition for rehearing.[2] Relator filed his Motion to Correct an Invalid and Illegal Habitual

---

[2] Supreme Court Rule 44 provides that a petition for rehearing of a judgment or decision on the merits must be filed within twenty-five days of the entry of the judgment or decision.

Offender Sentence with the district court on July 9, 2025, within one year of the finality of *Erlinger*. Nevertheless, we find *Erlinger* does not apply to relator's case.

In *Erlinger*, the Supreme Court pointed out that the sentencing court's factual finding that the defendant's offenses "occurred on at least three separate occasions had the effect of increasing *both* the maximum and minimum sentences" that the defendant faced. 602 U.S. at 835, 144 S.Ct. at 1852 (emphasis in original). In that scenario, the Supreme Court determined that "the district court had to do more than identify his previous convictions and the legal elements required to sustain them." 602 U.S. at 838, 144 S.Ct. at 1854. As such, the Supreme Court ruled that the defendant was entitled under the Fifth and Sixth Amendments to have a jury unanimously determine beyond a reasonable doubt whether his past offenses were committed on separate occasions for sentencing enhancement purposes. 602 U.S. at. 849, 144 S.Ct. at 1860.

At the same time, however, *Erlinger* let stand the exception set forth in *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), where the Supreme Court held that the existence of a prior conviction triggering enhanced penalties for a recidivist was a fact that could be found by a judge, not an element of the crime that must be found by a jury. Specifically, in *Erlinger*, the Supreme Court stated: "no one in this case has asked us to revisit *Almendarez-Torres*. Nor is there need to do so today ... It persists as a 'narrow exception' permitting judges to find only 'the fact of a prior conviction[.]'" *Id.*, 602 U.S. at 1853-54, 144 S.Ct. at 1840 (quoting *Alleyne v. United States*, 570 U.S. 99, 111 n.1, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013)).

Furthermore, it is well settled that "[a] defendant is not convicted of being a habitual offender. Rather, a defendant is adjudicated as a habitual offender as a result of prior felony convictions. The sentence to be imposed following a habitual offender adjudication is simply an enhanced penalty for the underlying

4

conviction." *See State v. Kennon*, 19-998 (La. 9/1/20), 340 So.3d 881, 887 (citing *State v. Parker*, 03-924 (La. 4/14/04), 871 So.2d 317, 325-26). As "a multiple offender proceeding is not the trial of a criminal charge" but instead is "merely part of sentencing and allows enhanced penalties for repeat offenders," the trial court's adjudication of relator's habitual offender status pursuant to La. R.S. 15:529.1 does not run afoul of *Erlinger*'s holding. *See State v. Langendorfer*, 389 So.2d 1271, 1276-77 (La. 1980).

Finally, the *Erlinger* decision does not state whether its holding is to be applied retroactively,[3] but other courts have concluded that "*Erlinger* did not announce a new rule that is retroactively applicable on collateral review." *See*, *e.g.*, *Johnson v. United States*, No. 1:24-CV-831, 2025 WL 731966, at *11-12 (W.D. Mich., Mar. 7, 2025) (collecting cases). Thus, on the showing made, relator has not satisfied the requirement for reviewing a final ruling of an appellate court by establishing an unknown interpretation of constitutional law, nor has he shown that the interpretation is retroactively applicable to his case. *See* La. C.Cr.P. art. 930.8(A)(1). Consequently, for post-conviction purposes, relator's claim is untimely. Relator's writ application is denied.

Gretna, Louisiana, this 12th day of September, 2025.

**SMC**
**MEJ**
**SJW**

---

[3] In Justice Kavanaugh's dissent, he observed: "[f]or any case that is already final, the *Teague* [*v. Lane*, 489 U.S. 288, 310, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989)] rule will presumably bar the defendant from raising today's new rule in collateral proceedings." *Erlinger*, 602 U.S. at 859 n.3, 144 S.Ct. at 1866.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. TRAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **09/12/2025** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**25-KH-373**

CURTIS B. PURSELL
CLERK OF COURT

### E-NOTIFIED

24th Judicial District Court (Clerk)
Honorable Frank A. Brindisi (DISTRICT JUDGE)
Thomas J. Butler (Respondent)

### MAILED

Noel Austin #305854 (Relator)
Louisiana State Penitentiary
Angola, LA 70712